[No. 5,962.]

## THE MONTGOMERY AVENUE CASE.

MONTGOMERY AVENUE ACT—STREET IMPROVEMENT—CONSTITUTIONAL LAW.—By the Act of April 3rd, 1876, providing for the change of grade of certain portions of Montgomery Avenue, it was provided that the County Court should appoint three disinterested citizens, freeholders in the City and County of San Francisco, to assess benefits and damages to such lots of land as might, in their opinion, be more benefited than damaged. *Held*, that the act was impracticable, and could not be carried into effect; that, in the absence of any defined assessment district, every freeholder in the city and county had an interest to decide that his own real property was not benefited by the change of grade, and that it was therefore impracticable to appoint *disinterested* Commissioners, as required by the act.

APPEAL from an order directing executions to issue upon judgments in favor of the City and County of San Francisco against certain lots of real estate, in the County Court of San Francisco. NYE, J.

The case was decided and the opinion filed by the late Supreme Court, December 31st, 1879. A petition for rehearing was afterward filed, and denied by the present Court.

The various provisions of the act—otherwise than as stated by the Court—seem to have been complied with; and, judgments having been entered against about 4,000 pieces of real estate, and the Board of Supervisors notified, contracts were let for the work, and the work fully completed.

Afterward a petition was filed for the issue of executions upon the judgments remaining unpaid, and demurrers to the petition having been overruled, the order was made.

*Harmon & Galpin*, and *L. Quint*, for Appellant.

*Stuart S. Wright*, and *Fisher Ames*, for Respondent (on petition for rehearing).

The opinion of the Court is to the effect that the act is impracticable, on the ground that it is not possible to obtain disinterested Commissioners. This objection is disposed of by the statement in the bill of exceptions, that the Court "appointed three disinterested Commissioners." The act provides that *the Commissioners shall not be interested in any property north of Washington Street*. (§ 8.) This restriction was intended to secure, and does secure, the selection of disinterested men. The County Court, in its order appointing the Commissioners, and in its judgment, found, *as a fact*, that the men appointed were disinterested.

In the late Supreme Court, by the COURT:

It is claimed by the appellant that the act upon which these proceedings are based is unconstitutional and void, because it neither defines an assessment district nor provides for the location and definition of such district by any local authority.

It is not necessary to decide whether or not the provision which empowers the Commissioners to report the lots they may find to be benefited, is a grant to them of the power to create an assessment district.

The act of itself is impracticable, and can never be carried into effect, inasmuch as (admitting that such lots as the Commissioners may subsequently report as benefited may be held to be a district) it is manifest that it can not be known whether the Commissioners are disinterested when they are appointed and sworn.    Yet the very first step, in the proceedings provided by the act, is the appointment by the County Court of "three citizens, *who are freeholders in said city and county,* * * * and not interested in said proceedings," as Commissioners of assessment.    It is apparent, upon the reading of the act, that no freeholder in the city and county can be without interest in the proceedings, in the absence of any defined assessment district, because every such freeholder must have an interest to decide that his own real property is not benefited by the change of grade.    If so plain a proposition needs any authority to sustain it, it is amply supported by *Powers' Appeal,* reported in 29 Michigan Reports, 511.

Judgment and order reversed.

CROCKETT, J., dissented.